UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

BARBARA THOMPSON,
a Texas resident and citizen,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff BARBARA THOMPSON, a Texas citizen and resident, files this Complaint against Defendant CARNIVAL CORPORATION, a Panamanian corporation with its principal place of business in Florida, doing business as CARNIVAL CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

CASE NO.

2. Plaintiff BARBARA THOMPSON is sui juris and is a resident and citizen of the State of Texas.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida.  At all material times Defendant CARNIVAL CORPORATION has done business under the fictitious name "CARNIVAL CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332; there is complete diversity of citizenship between the parties as alleged above and the amount of damages claimed exceeds $75,000.00, the minimum jurisdictional amount required for diversity of citizenship cases.

5. At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

6. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

7. The Defendant's principal place of business is located in Miami Dade County Florida. Accordingly, venue is proper in this Court.

8. Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract.

## LIABILITY AND DAMAGE ALLEGATIONS

9. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "FREEDOM."

10. At all material times, the Plaintiff was a fare-paying passenger on board the M/S FREEDOM and in that capacity was lawfully present on board the vesse.

11. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn of or correct

CASE NO.

dangerous condition which it had created or of which it actually knew or should have known in the exercise of reasonable care.

12.     On or about September 22, 2016, while the Plaintiff was lawfully on board the M/S FREEDOM as a fare paying passenger, the Plaintiff was walking on the Lido deck of the vessel, slipped on a wet area of the deck, and fell.

13.     At all material times including the time referenced in the preceding paragraph, the surface of the Lido deck in the area where the Plaintiff fell was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to its being wet and hence slippery.

14.     At all material times, the Defendant had either created the dangerous wet condition of the Lido deck referenced above, actually knew of the dangerous condition, or should in the exercise of reasonable care have known of the condition due to the length of time it had existed.

15.     Notwithstanding its creation of, actual knowledge of, or constructive knowledge of the dangerous wet and slippery condition of the Lido deck as referenced above, the Defendant failed before the time of the Plaintiff's fall either to correct the condition, to take reasonable steps to correct it, or to take reasonable steps to warn passengers adequately of the condition.  The Defendant thereby

CASE NO.

failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

16. The Defendant's specific negligent acts or omissions consist of or more of the following:

    a. Failing to maintain the floor on the Lido deck in a reasonably safe condition;

    b. Failing to conduct routine inspections of the area where Plaintiff fell for wetness, slipperiness or contaminants;

    c. Failing to establish, implement, and enforce policies and procedures regarding cleaning and maintenance of the area where Plaintiff fell;

    d. Failing to warn Plaintiff that the area where she fell was wet, slippery or dangerous;

    e. Failing timely to correct the wet or slippery condition of the Lido deck;

    f. Failing to warn;

    g. Failing otherwise to exercise reasonable care in managing and operating the Lido deck on the subject vessel;

    h. Additional acts of negligence not yet discovered.

CASE NO.

17. As a direct and proximate result of the slip and fall described above and hence of the Defendant's negligence, the Plaintiff was injured in and about her body and extremities, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation of preexisting injuries, and the inability to lead a normal life. Furthermore, she sustained loss of earnings in the past and future, and incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

18. The Plaintiff has fulfilled all conditions precedent to bringing this action, including the requirement of written notice prior to suit. The Defendant recorded and preserved a written passenger injury statement from the Plaintiff on the date of accident, September 22, 2015.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

CASE NO.

# **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 16th day of September, 2016.

                        **s/NICHOLAS I. GERSON**
                        NICHOLAS I. GERSON
                        Florida Bar No. 0020899
                        ngerson@gslawusa.com
                        filing@gslawusa.com
                        ibrito@gslawusa.com
                        **s/PHILIP M. GERSON**
                        PHILIP M. GERSON
                        Florida Bar No. 127290
                        pgerson@gslawusa.com
                        **s/EDWARD S. SCHWARTZ**
                        EDWARD S. SCHWARTZ
                        Florida Bar No. 346721
                        eschwartz@gslawusa.com
                        GERSON & SCHWARTZ, P.A.
                        Attorneys for Plaintiff
                        1980 Coral Way
                        Miami, FL 33145-2624
                        Telephone:   (305) 371-6000
                        Facsimile:    (305) 371-5749